UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:09-cr-74-FtM-99SPC

LASHANDRA GREEN a/k/a Tae
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Lashandra Green's Motion to Dismiss (Doc. #55) filed on November 24, 2009. The Government's Response (Doc. #58) was filed on December 1, 2009.

Defendant Green is charged only in Count One of the Indictment (Doc. #4). Count One charges defendant Green and three co-defendants with conspiracy to commit offenses against the United States, i.e., bank fraud, in violation of 18 U.S.C. § 1349. Defendant argues that the Indictment contains no specific conduct related to her and that "[w]ithout being put on notice of the exact conduct for which she is accused . . ." the Indictment is insufficient (Doc. #55, pp. 2-3).

The object of the Count One conspiracy is alleged to be obtaining money by presenting stolen and forged checks through the use of stolen identification. Count One further alleges that members of the conspiracy would break into vehicles to steal purses and wallets from female victims; that blank checks would be obtained bearing the victim's name and account number, as well as various forms of identification; and that the female members of the

conspiracy would later pose as the account holders and attempt to cash the stolen checks, sometimes using wigs to resemble the persons depicted in the stolen identifications. No specific conduct by defendant Green is identified in Count One.

The pertinent rules were recently summarized in United States v. Jordan. The legal sufficiency of an indictment is a legal question. "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. [ ] In determining whether an indictment is sufficient, we read it as a whole and give it a common sense construction." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)(internal citations omitted). The indictment's validity is to be determined by practical, not technical, considerations. Id. "An indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." Id. at 1246 (citations omitted). See also United States v. Resendiz-Ponce, 549 U.S. 102 (2007).

The Court finds that Count One of the Indictment in this case meets this standard. Count One gives defendant Green fair notice of the essential elements of the charged offense and notice sufficient to enable her to prepare a defense. A description of her "exact

conduct" is unnecessary.  <u>United States v. Sharpe</u>, 438 F.3d 1257, 1263-64 n.3 (11th Cir. 2006).

Accordingly, it is now

**ORDERED:**

Defendant Lashandra Green's Motion to Dismiss (Doc. #55) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record